ARMSTRONG v. STONE et al.

(Supreme Court, Equity Term, Erie County. May 11, 1909.)

EXECUTORS AND ADMINISTRATORS (§ 315*)—DECREE OF DISTRIBUTION—CONCLUSIVENESS.

Under Code Civ. Proc. § 2743, providing that where the validity of the distributive share is admitted, or has been established upon the accounting, the decree must determine to whom it is payable, and all other questions concerning the same, and that, with respect to such matters, the decree is conclusive as a judgment on each party to the special proceeding who was duly cited, and on each person deriving title from such party, where, by decree of distribution, in a proceeding to which plaintiff was a party, it was adjudged that the income of a certain fund should be paid to A., plaintiff was thereafter estopped from claiming that she was the owner of such income by virtue of an assignment thereof made prior to the decree.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1298–1314; Dec. Dig. § 315.*]

Action by Sarah Armstrong against Russell J. Stone and others to set aside an assignment of the income of a life estate. Judgment for defendants.

Eugene M. Bartlett, for plaintiff.
Charles F. Tabor, for defendants.

BROWN, J. By the last will and testament of James Armstrong it was provided that James H. Armstrong should have and hold during his natural life one-half of the residue of the real and personal property of the testator, and that, upon the death of James H. Armstrong, such property should go to the heirs of James H. By a decree made by the surrogate of Wyoming county February 6, 1877, it was established that the executor of said will then had in his hands the sum of $6,-

323.50, one-half of which constituted the property placed in trust for the use of James H. Armstrong during his life. In 1877 James H. Armstrong assigned his interest in the income from such trust fund to his mother, Abigal Armstrong. In 1885 Abigal Armstrong reassigned such income to James H. Armstrong. In 1886 James H. Armstrong assigned it to Michael C. Shea, and from that date until June, 1890, such income was paid by the executor to Michael C. Shea. In 1888 James H. Armstrong executed and delivered an instrument in writing purporting to assign such income to Sarah Armstrong, his wife, who is the plaintiff herein, and who never made any claim to such income under such assignment until about 1896. In 1889 James H. Armstrong demanded of the executor that such income be paid to him (James H. Armstrong) notwithstanding the assignment to Michael C. Shea, at the same time notifying the executor that the assignment to Shea was made as collateral to a loan. In 1890 James H. Armstrong petitioned the surrogate of Wyoming county that a citation issue to said executor to show cause why he should not render an account of such trust fund, and that the same be judicially settled. Such citation was accordingly issued, and upon the return thereof the executor filed a petition for a voluntary accounting. Thereupon a citation was issued directed to Sarah Armstrong, this plaintiff, the executors of Abigal Armstrong, deceased, Michael C. Shea, James H. Armstrong, and others, citing them to appear in Surrogate's Court to attend the judicial settlement of the accounts of such executor and the distribution of the estate of the testator, James Armstrong, to and among the persons interested therein. This citation was personally served on Sarah Armstrong, the plaintiff herein, and James H. Armstrong, on the 29th day of November, 1890. Upon the return thereof such proceedings were had in said Surrogate's Court that on July 13, 1891, a decree was duly made by the surrogate settling the accounts of said executor, and decreeing that such executor should keep invested the sum of $2,911.84 and pay to James H. Armstrong the income therefrom annually during the lifetime of said James H. Armstrong, and at his death pay said sum to the heirs of said Armstrong. Thereafter, and up to October 29, 1894, the executor paid to James H. Armstrong such income, and on that date James H. Armstrong assigned all his interest in such income to the defendant Russell J. Stone, and directed said executor and his successors to pay the same to said Stone during the remainder of James H. Armstrong's life. Since the date of the last-mentioned assignment all of such income has been paid to the defendant Stone. On October 26, 1905, Sarah Armstrong commenced this action, alleging that by virtue of the assignment of 1888 she became, ever since has been, and now is, the owner of all the income from such trust funds; that the assignment by James H. Armstrong to the defendant Russell J. Stone was made as security for the payment of a loan, which is alleged by plaintiff to have been paid. The plaintiff demands judgment canceling the assignment of 1894 to the defendant Stone and for all moneys received by him over and above the alleged loan. The defendant Stone answers, denying that plaintiff has any interest in the income claimed by her, alleges that the surrogate's decree of 1891 that James H. Armstrong was the owner of such income is res

adjudicata upon the plaintiff's claim under an assignment of 1888, and that the defendant Stone purchased under an absolute sale in 1894 all of James H. Armstrong's interest in such income.

From the testimony it is very clear that the defendant Stone in 1894 took his assignment as an absolute title and purchase of all the interest of James H. Armstrong in the income to be derived from such trust funds, and that there is no foundation for plaintiff's claim that such assignment was to be as security for a loan. The contention of the plaintiff is that James H. Armstrong could make no valid sale of such income in 1894 for the reason that he did not own the same on that date, that he had previously sold it to the plaintiff in 1888, and that the defendant Stone took his assignment in 1894 with knowledge of the plaintiff's assignment of 1888. The difficulty with this contention is that by a decree of the surrogate of Wyoming county, instituted for the purpose of distributing the estate of James Armstrong and of ascertaining by judicial procedure to whom that estate, including these very trust funds and the income therefrom, should be paid, to which proceeding this plaintiff was a party, it was adjudged and determined by a court having jurisdiction thereof that such income should be paid to and was the property of James H. Armstrong. If the decree was binding upon the plaintiff, she is now estopped from claiming that she was the owner of such income. Section 2743 of the Code of Civil Procedure provides that, where the validity of the distributive share is admitted or has been established upon the accounting, the decree must determine to whom it is payable, the sum to be paid by reason thereof, and all other questions concerning the same; and with respect to such matters the decree is conclusive as a judgment upon each party to the special proceeding who was duly cited and upon every person deriving title from such party. It must be clear that, if the plaintiff were seeking to recover the income from James H. Armstrong upon her assignment of 1888, the decree of 1891 would be a complete bar, a perfect defense. It must necessarily follow that the defendant Stone, being a successor in interest of James H. Armstrong, can assert the same defense.

The defendant is entitled to judgment dismissing the plaintiff's complaint, with costs. Let findings be prepared.